IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 23-226 |
| | ) |
| CAM JOHN ZMENKOWSKI | ) |

**Opinion**

Presently before the Court is Defendant Cam John Zmenkowski's Motion to Dismiss Charges. ECF No.36. Mr. Zmenkowski is charged in a three-count Indictment with production and attempted production of material depicting the sexual exploitation of a minor[1], receipt and attempted receipt of material depicting the sexual exploitation of minor[2], and transfer of obscene material to a minor[3]. Mr. Zmenkowski argues that charges asserted against him must be dismissed because they were brought unfairly, for an improper purpose, and in violation of Mr. Zmenkowski's due process rights and equal protections rights of the United States Constitution. The government has filed a Response in opposition to the Motion. ECF No. 40. After careful review of Defendant's arguments, the government's Response, and the applicable law, the Motion to Dismiss Charges will be denied.

I.   **Background**

On February 14, 2023, Mr. Zmenkowski was arrested by Allegheny County Police Detectives for committing state sexual offenses against five separate minors. Shortly after his arrest, a federal investigation into alleged sexual offenses committed by Mr. Zmenkowski against a separate, sixth minor, was conducted by federal and state investigators. Specifically, ten days after his arrest, Allegheny County Detectives (one whom is a member of a Federal Task

---

[1] 18 U.S.C. 2251(a) and (e).
[2] 18 U.S.C. 2252(a)(2) and 2252(b)(1).
[3] 18 U.S.C. 1470.

Force) and Federal Bureau of Investigation Agent Samantha Shelnik interviewed the brother of an alleged victim of Mr. Zmenkowski.  Thereafter, Agent Shelnik authored three Affidavits, dated February 24, 2023, March 7, 2023, and April 6, 2023, in order to obtain search warrants for Mr. Zmenkowski's computer, cell phone, iPod, iPad, and Snapchat accounts.  Thereafter, on October 17, 2023, a Grand Jury issued the present Indictment, under seal.  ECF No. 3.  The Indictment was unsealed on October 20, 2023.  ECF No. 9.

In his state court case, Mr. Zmenkowski pleaded guilty to five state sexual offenses against five minors.  On October 24, 2023, Mr. Zmenkowski was sentenced to two to four months' imprisonment on each of the five state sexual offense charges.

It is likely that federal investigators were aware that there was an alleged sixth minor victim of Mr. Zmenkowski before Mr. Zmenkowski pleaded guilty and was sentenced.  However, details of the federal Indictment were not shared with Mr. Zmenkowski's attorney, the Allegheny County Police Detectives, or the Allegheny County District Attorney.  Therefore, Mr. Zmenkowski proceeded to a complete resolution of his five state sexual offence charges before he ever knew that there were federal sexual offense charges filed against him.

II.   Discussion

Mr. Zmenkowski asserts that the federal investigation, and the charges that arose out of that investigation, were performed in violation of due process and the equal protections components of the Fifth Amendment to the United States Constitution.  *United States v. Napper*, 574 F. Supp. 1521, 1523 (D.D.C. 1983).  He argues that the federal indictment is based on conduct arising from, and related to, the initial joint state-federal investigation into Mr. Zmenkowski that resulted in the five state charges filed against him.  Therefore, Mr.

Zmenkowski argues, that it is fair to characterize both the state and federal charges as arising from the same course of conduct.

Mr. Zmenkowski asserts that the federal Indictment was purposely withheld from the defendant and the District Attorney until after Mr. Zmenkowski had resolved his state charges. Mr. Zmenkowski speculates that the federal government withheld the Indictment information until after Mr. Zmenkowski was sentenced on his state charges, so that, if the punishment was too lenient in the opinion of the federal investigators, the federal government could ensure that Mr. Zmenkowski received a more severe punishment in federal court. Mr. Zmenkowski supports this argument by pointing out that, in federal court, the potential penalties he faces are dramatically more severe. Based on the charges in the instant Indictment, Mr. Zmenkowski faces, at least, a minimum sentence of five years' imprisonment, and perhaps up to twenty years.

Mr. Zmenkowski's Motion to Dismiss the charges is predicated on alleged violations of the Due Process and Equal Protection clause. Mr. Zmenkowski's argument appears to raise, in part, the issue of selective and vindictive prosecution. Addressing prosecutorial discretion in filing charges, the Supreme Court of the United States stated in *United States v. Armstrong*:

> "[t]he presumption of regularity supports" [] prosecutorial decisions and, "in the absence of clear evidence to the contrary, courts presume that [prosecutors] have properly discharged their official duties*." United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926). In the ordinary case, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978).

517 U.S. 456, 464 (1996). The Supreme Court also explained that a prosecutor's discretion is not entirely unconstrained, and, as an example, the Court stated that "'[o]ne of these constraints,

imposed by the equal protection component of the Due Process Clause of the Fifth Amendment[4], is that the decision whether to prosecute may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary classification.'"[5]  *Armstrong*, 517 U.S. at 464.

The Court need not undergo an extensive analysis in this case as it is clear that the federal Indictment in this case is proper.  "A prosecution for the violation of a criminal law is presumed to be undertaken in good faith."  *United States v. Henderson*, 584 F. Supp. 1037, 1038 (W.D. Pa. 1984).  "The offices of the District Attorney of Allegheny County and the United States Attorney for the Western District of Pennsylvania are separate, distinct, independent, and representative of two (2) sovereign governments. Each office is entirely free to prosecute individuals who violate statutes and laws of the respective governments." *Id.  See also* Gamble v. United States, 587 U.S. 678, 687 (2019) ("a crime against two sovereigns constitutes two offenses because each sovereign has an interest to vindicate").

Here, arising out of a joint state-federal investigation, the District Attorney of Allegheny County filed five child sexual offense charges against Mr. Zmenkowski in the Court of Common Pleas of Allegheny County.  Shortly after Mr. Zmenkowski's arrest on the state charges, a federal investigation continued to review evidence, obtain search warrants, and review evidence, apparently with an identified specific minor victim in mind.  The United States Attorney for the Western District of Pennsylvania, based on this subsequent federal investigation, indicted Mr. Zmenkowski on three child sexual abuse charges against a minor victim, who was not one of the minor victims in the Common Pleas court.

There is no evidence to suggest that the filing of the federal charges was selective, vindictive, improper, or in violation of the due process clause or equal protection clause of the

---

[4] Citing *Bolling v. Sharpe*, 347 U.S. 497, 500 (1954).
[5] Citing *Oyler v. Boles*, 368 U.S. 448, 456 (1962).

Untied States Constitution. Moreover, it is entirely proper for the federal government, a separate sovereign from the Commonwealth of Pennsylvania, to bring charges against the same defendant based on facts learned from essentially the same investigation. In fact, the federal government could have indicted Mr. Zmenkowski in federal court for violating federal law based on the same conduct presented in the state court child sexual offenses. *Gamble*, 587 U.S at 687.

### III.  Conclusion

The Court finds that there has been no vindicative or selective prosecution in this case. The Court also finds that there is no violation of the due process clause or equal protection clause as a result of the prosecutor's decision to indict, or the timing of the indictment. Finally, the Court finds that the prosecutor's actions in indicting Mr. Zmenkowski were not improper. Accordingly, Mr. Zmenkowski's Motion to Dismiss Charges is DENIED.

Dated: July 22, 2024

Marilyn J. Horan
United States District Court Judge